IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEREK R. PAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 09-0743-CG-N |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is before the court on defendant's Motion to Dismiss (doc. 11). This motion has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. §636.

In his Response doc. 13) to defendant's Motion to Dismiss, plaintiff asserts that defendant 's counsel has represented that defendant 'has no problem' with allowing the instant action seeking review of a decision of the Appeals Council to proceed, despite its having been filed one day late. Defendant has not contested that assertion since the Response was filed on March 12, 2010.

The 60-day period for filing an appeal from a decision of the Commissioner, 42 U.S.C. §405(g), is not jurisdictional, but rather is a period of limitations. Bowen v. City of New York, 476 U.S. 467 (1986). The limitation may be waived. Thibodeaux by Thibodeaux v. Bowen, 819 F.2d 76 (5th Cir. 1987); Rowland v. Califano, 588 F.2d 449 (5th Cir. 1979). Presuming that the unrebutted representation by plaintiff's counsel is correct, the court finds that the Commissioner has waived the one-day delay in the filing of this appeal.

Accordingly, it is hereby RECOMMENDED that defendant's Motion to Dismiss be DENIED as Moot.

*See* Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.

DONE this the 5th day of April, 2010.

                                            /s/ Katherine P. Nelson
                                            **KATHERINE P. NELSON**
                                            **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                      /s/   Katherine P. Nelson