IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEREK R. PAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 09-0743-N |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff has filed a Motion to Amend Court's Order Nunc Pro Tunc (doc. 37), which is in reality a Motion for Reconsideration of this court's order (doc. 36), denying plaintiff's request for EAJA fees on the basis that the government's position was substantially justified.

Plaintiff raised two issues, of which the court reached only one and remanded the action on that basis. (Doc. 31) In the initial order the undersigned erroneously stated that the record was inadequate to demonstrate that an aspect of the ALJ's decision was "substantially justified" rather than "supported by substantial evidence." *Id.* The plaintiff's motion seeking fees under the EAJA was based, in part, on this erroneous language. The court corrected its prior order and further found that the position of the Commissioner was substantially justified, requiring denial of the fee petition under 28 U.S.C. § 2412(d)(1)(A). *See* Doc. 36

Plaintiff re-argues the court's holding as to the issue upon which the court granted remand. Nothing in the motion adds to the court's prior consideration or changes its determination. The undersigned determined that the record was inadequate to demonstrate that the ALJ's choice between the opinions of two treating physicians was supported by substantial evidence, not that the ALJ was necessarily wrong in the choice that he made or that such error

was so clear that the Commissioner's position on this issue was not substantially justified. The MRI report did not clearly demonstrate that plaintiff suffered from nerve root entrapment to an extent that would have altered Dr. Fontana's opinion, nor that it rendered his pre-existing opinion untrustworthy.

Plaintiff also suggests that the court may have erred in not deciding plaintiff's second issue on the merits. "Before finding that the ALJ's position was [sic] supported by substantial evidence, the Plaintiff submits that the Court should have addressed all issues, including the inadequacy of the VE question." Doc. 37 at 3. However, plaintiff does not offer any argument of substance, either in his initial motion for EAJA fees, in his Reply brief on that motion, or in the instant motion to reconsider, concerning whether the Commissioner's position on this second issue was "substantially justified." Nor does plaintiff cite any authority that the court must—or even is authorized to—reopen the merits of the case after it has been remanded so as to reach this secondary issue.

Accordingly, for the foregoing reasons, it is hereby ORDERED that plaintiff's Motion to Amend is DENIED.

DONE this the 31st day of March, 2011.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE